# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **NICOLE ESTES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | 8:05CV510 |
| vs. ) | |
| ) | ORDER |
| **THE OMAHA SCHOOL** ) | |
| **FOUNDATION d.b.a. THE KIDS** ) | |
| **CLUB, a Corporation,** ) | |
| ) | |
| **Defendant.** ) | |

The following motions are now pending before the court:

[12]   Motion of Sheri E. Long Cotton for leave to withdraw as counsel for the plaintiff, filed on April 11, 2006;

[15]   Defendant's Motion to Amend the Initial Progression Order, filed April 19, 2006; and

[16]   Plaintiff's Motion to Appoint Guardian ad Litem, filed May 7, 2006.

Since this case cannot go forward until the plaintiff's representation and proposed guardianship are resolved, the defendant's motion will be granted.

Turning to plaintiff's representation by counsel, the Motion to Withdraw [12] was previously held in abeyance until April 28, 2006, pending the entry of appearance by substitute counsel. The order [14] specifically provided:

> 2.   If substitute counsel does not enter an appearance by **Friday, April 28, 2006,** the Motion to Withdraw will be granted and the plaintiff, Nicole Estes, will be deemed to be proceeding *pro se*, i.e., without the assistance of counsel. In that event, the plaintiff will be personally responsible for prosecuting this case on her own behalf in accordance with the Federal Rules of Civil Procedure, the Local Rules of Practice, and the schedules set by the court.

>       3.   Moving counsel, Sheri E. Long Cotton, shall serve a copy of this order on the plaintiff, Nicole Estes, at her last known address and shall file proof of service with the court before the close of business on **Friday, April 14, 2006.**

No substitute counsel has entered an appearance. Thus, although the court originally contemplated ruling on the motion shortly after April 28, 2006, it was impossible to do so in light of Ms. Cotton's failure to file the required proof of service. Instead, Ms. Cotton filed a motion to appoint plaintiff's parents as guardian ad litem and further requesting that upon the appointment of a guardian, and the entry of appearance of a new (as yet unidentified) attorney, Ms. Long-Cotton be allowed to withdraw.

The procedure for the appointment of guardians is governed by Fed. R. Civ. P. 17(c), which states:

> [w]henever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

Apparently, the plaintiff in this case is not represented by a general guardian. Thus, the court must determine whether the plaintiff is in fact incompetent and requires the appointment of a guardian ad litem under Rule 17(c). "The term 'incompetent person' in Rule 17(c) refers to 'a person without the capacity to litigate.'" *Sanders v. Kansas Dep't of Soc. & Rehab. Serv.*, 317 F. Supp. 2d 1233, 1239 (D. Kan. 2004). State law provides the controlling authority for determining whether an individual has capacity to sue on his own behalf. *See* Fed. R. Civ. P. 17(b) (stating "[t]he capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile."). *See, e.g., Bowen v. Rubin*, 213 F. Supp. 2d 220 (E.D.N.Y. 2001); *Sanders*, 317 F. Supp. 2d at 1239.

Under Nebraska law, "[t]he court may appoint a guardian if it is satisfied by ***clear and convincing evidence*** that the person for whom a guardian is sought is incapacitated and that the appointment is necessary or desirable as the least restrictive alternative available for providing continuing care or supervision of the person of the person alleged to be incapacitated." Neb. Rev. Stat. § 30-2620 (emphasis added). Plaintiff filed no evidentiary

submission or brief in support of her motion. Thus, an evidentiary hearing will be necessary to determine whether the plaintiff is incapacitated for purposes of prosecuting this action.

**IT IS ORDERED:**

1. The Motion of Sheri E. Long Cotton for leave to withdraw as counsel for the plaintiff [14] is denied without prejudice to reassertion after substitute counsel enters an appearance.

2. Defendant's Motion to Amend the Initial Progression Order [15] is granted. The planning conference now set for May 18, 2006 is cancelled. All discovery is stayed and all progression order deadlines are suspended until the matters involving plaintiff's representation and proposed guardianship are resolved.

3. Plaintiff's Motion to Appoint Guardian ad Litem [16] is set for evidentiary hearing on Thursday, **June 22, 2006 at 1:30 p.m.** in Courtroom No. 6, Second Floor, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska. **Sheri E. Long Cotton shall personally attend the hearing.**

**DATED May 8, 2006.**

          **BY THE COURT:**

          **s/ F.A. Gossett**
          **United States Magistrate Judge**